IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NICHOLAS LEE ROBBINS                                                    PLAINTIFF

vs.                                    Civil No. 2:19-cv-02008

COMMISSIONER, SOCIAL                                                    DEFENDANT
SECURITY ADMINISTRATON

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Nicholas Lee Robbins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of

the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background**:

Plaintiff protectively filed his disability application on September 13, 2016.  (Tr. 12). [1]

---

[1]References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 9.  These
references are to the page number of the transcript itself, not the ECF page number.

In his application, Plaintiff alleges being disabled due to a learning disorder, back issues, ADHD, Tourette's syndrome, depression, a limited education, right shoulder pain, and arthritis. (Tr. 209). Plaintiff alleges an onset date of September 16, 2015. (Tr. 12). This application was denied and initially and again upon reconsideration. (Tr. 77, 96). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 30-51, 132-133).

Plaintiff's administrative hearing was held on April 17, 2018 in Fort Smith, Arkansas. (Tr. 30-51). At this hearing, Plaintiff was present and was represented by Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.*

On May 18, 2018, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 9-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 16, 2015, his alleged onset date. (Tr. 14, Finding 2). The ALJ found Plaintiff had the following severe impairments: spine disorders; depressive disorders; anxiety disorders; learning disorders; organic mental disorders; and mild obesity. (Tr. 15-16, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, push and/or pull within those limitations, stand and/or walk up to six hours in an eight-hour workday with normal breaks and sit up to six hours in an eight-hour workday with normal breaks. He can climb ramps, stairs, ladders, ropes and scaffolds occasionally, and he is able to balance, stop, crouch, kneel and crawl occasionally. He is able to perform work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and perform by rote with few variables and little judgment. The supervision required is simple, direct and concrete. He is limited to jobs that do not require written communication beyond a grade school level.

*Id.* The ALJ determined Plaintiff was thirty-six (36) years old, which is defined as a "younger individual" under C.F.R. § 404.1563(c) (2008). (Tr. 23, Finding 7). As for his education, the ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 23, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 22-23, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. (Tr. 23-24, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as filling and closing machine tender with approximately 25,506 such jobs in the national economy; power screw driver operator with approximately 51,148 such jobs in the national economy; and compression molding machine tender with approximately 8,427 such jobs in the national economy. (Tr. 23). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 16, 2015 through the date of his decision or through May 23, 2018. (Tr. 24, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On

December 10, 2018, the Appeals Council denied this request for review. (Tr. 1-3). On January 9,

2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF

Nos. 14-15. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d

1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his or her disability by establishing a physical or mental disability that lasted at least

one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve

consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in assessing

his RFC.  ECF No. 14 at 4-7. Specifically, Plaintiff claims ALJ erred by failing "to take into

consideration the extent to which the Plaintiff's pain, *side effects of medications*, and severe

learning issues impede his ability to maintain appropriate attendance, persistence, pace,

concentration and his limited ability to appropriately interact with the general public, coworkers

and supervisors."  ECF No. 14 at 6 (emphasis added).  Upon review of this argument, the Court

finds the ALJ erred in considering the side effects of his medications when assessing his RFC.

Thus, the Court find this case is not supported by substantial evidence and must be reversed and remanded.

Indeed, in his opinion, the ALJ recognized the severe side effects from Plaintiff's medications but then summarily discounted them.  The ALJ discounted the side effects as follows:

> The undersigned notes that the claimant testified to severe medication side effects. However, the undersigned also notes that the claimant reported in Exhibit B5E that he had never had to discontinue a medication for his disability because of side effects, and the undersigned does not find where the claimant complained of significant side effects to his physicians.

(Tr. 21).

Upon review, however, Plaintiff complained on several occasions of the side effects of his Hepatitis C medications.  For instance, on July 27, 2017, Plaintiff reported suffering from severe fatigue resulting from his Hepatitis C treatment.  (Tr. 291).  Further, the fact Plaintiff did not *discontinue* a medication does not demonstrate that any given medication did not have severe side effects.  Thus, because the ALJ did not provide a basis for discounting these severe side effects, the Court finds the ALJ's RFC determination was not supported by substantial evidence in the record and must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.    *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 22nd day of January 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE